### ARNOLD v. UNITED STATES.
#### No. 10486.

Circuit Court of Appeals, Fifth Circuit.

March 31, 1943.

Rehearing Denied May 11, 1943.

---

832

Maury Hughes, of Dallas, Tex., for appellant.

Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

An indictment in one count charged that in violation of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix § 311, Lawrence Edwin Arnold had wilfully and knowingly made false statements in a Selective Service questionnaire. A jury was waived, a trial was had, and the Court found Arnold guilty as charged and sentenced him to serve a term of two years in the penitentiary.

The record evidence shows that Arnold, a young doctor practicing in the City of Dallas, Texas, registered in accordance with the provisions of the Selective Service Act. In due course his local draft board sent him the usual questionnaire for the purpose of securing information to be used in determining his classification, liability, and fitness for service under the provisions of the Act. Arnold answered the questionnaire, and in detailed statements asserted that he was entitled to three deferred classifications: Class II, because he was an obstetrician and necessary to the maintenance of maternal welfare. Class III, because he was married. Class IV, because of asserted physical disabilities. "I have chronic lumbo-sacral arthritis, chronic myocarditis, and pes planus, grade 3, symptomatic. These conditions have made it necessary for me to give up all exercise, even golf. I have a brother who is a Captain in the Army Medical Corps stationed at Fort Crockett, Texas; he has examined me and states that although I can carry on the civil practice of obstetrics without difficulty, I would never be able to perform the duties of an Army Physician even in peace time. The work of the Army Physician is much more difficult in time of war than in peace time."

The statements relative to the alleged physical infirmities are the basis of the case against the registrant. The statements were untrue, and at the time Arnold made them he knew they were false and without foundation. Indeed, after he had answered the questionnaire and made the false statements, he wrote a letter to his brother and sister-in-law and stated what he had done. He requested his brother, who was also a doctor, to "commit perjury" and substantiate these false statements if called upon for their verification. The letter stated:

"The Draft Questionnaire finally came & I sent it in today. I asked for all 3 deferred classifications. Class II—because obstetricians are necessary for the maintenance of maternal health (one of Roosevelt's hobbies)—& O. B. men are theoretically of little value in the Army. Class III —because of one dependent. Class IV— Get this: Presence of a pathological condition rendering registrant unfit for military service. I racked my feeble mind & finally dug up the following diagnoses as being hard to disprove & dependent chiefly upon registrant's own symptom complex: Chronic lumbo-sacral arthritis—giving low back pain with exertion. Chronic myocarditis—causing dyspnea & precardinal pain on exertion. Pes planus grade III—symptomatic—causing painful feet when standing or walking for long periods. I told them that these conditions did not interfere with ordinary civil practice but would interfere with the rigorous labor of Military Practice. You are my physician & have made these diagnoses—so please don't misplace this letter. Thanks 2 million for committing perjury if they call upon you for substantiation; they probably won't do so but there's no point in taking chances. I'm not playing any more golf just to be safe—haven't played since last summer— thank goodness."

The Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix § 311, makes it an offense for any person to "knowingly make, or be a party to the making of, any false statement or certificate as to the fitness or unfitness or liability or nonliability of himself or any other person for service under the provisions of this Act, or rules, regulations, or directions made pursuant thereto * * *." The evidence in the record is abundantly sufficient to show a violation of this section by Arnold. It shows a studied design on the part of Arnold to evade liability for service under the Act, and that the false statements as to his physical condition were intentionally made in a wilfull and deliberate attempt to mis-

lead the draft board as to his fitness for service.

We find no reversible error in the record. The judgment is affirmed.